UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 08-cv-00672-RPM-CBS

NUCLEAR CARDIOLOGY SYSTEMS, INC., a Colorado corporation,

   Plaintiff and Counterclaim Defendant,

vs

MAQSOOD AHMAD, M.D., an individual,

   Defendant and Counterclaim Plaintiff.

## STIPULATED PROTECTIVE ORDER

  Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that a party to this matter claims constitutes confidential information, IT IS SO ORDERED:

  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties in these proceedings.

  As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term

  3 Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff and Counterclaim Defendant Nuclear Cardiology Systems, Inc. ("Plaintiff"), Defendant and Counterclaim Plaintiff Maqsood Ahmad, M.D. ("Defendant"), or any third party that produces information and/or documents in response to subpoenas in this

matter ("Third Party"); information contained in the medical records of Defendant's patients; and/or the confidential business records, documents, materials, and communications of Plaintiff, Defendant, or a Third Party. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, in preparation for trial, at the trial, or for any appeals of this action.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information' shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    **(a)**    attorneys who are actively working on this case and persons employed in the firms of such attorneys;

    **(b)**    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    **(c)**    the parties;

    **(d)**    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

    **(e)**    the Court in this case and the Court's employees ("Court Personnel");

    **(f)**    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    **(g)**    deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures; and

    **(h)**    other persons by written agreement of the parties.

5.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents. The first method is to be used whenever possible when the party producing the documents is also the party which designates them CONFIDENTIAL.

6.     Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

   **(a)**   operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information or a trade secret under applicable law;

   **(b)**   prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

   **(c)**   prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular discovery materials should be produced; or

   **(d)**   prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of the deposition containing such information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided

written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, including any appeals or the expiration of time for initiating an appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that (a) counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such

retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents and (b) counsel for each party may disclose a copy of the CONFIDENTIAL documents to a malpractice insurance carrier without obtaining permission of the Court or providing written notice to counsel for the party that disclosed the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Stipulated Protective Order may be modified by written agreement of Plaintiff and Defendant or by the Court at any time for good cause shown following notice to Plaintiff and Defendant and an opportunity for them to be heard.

Dated this 7th day of July, 2009

APPROVED AS TO FORM AND CONTENT:

s/ Kristi A. Walton
Kristi A. Walton
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
kristi.walton@dgslaw.com
Attorneys for Plaintiff and Counterclaim
Defendant Nuclear Cardiology Systems, Inc.

s/ Jeffrey S. Gaines
Jeffrey S. Gaines
GAINES LAW OFFICES, S.C.
312 E. Wisconsin Avenue, Suite 208
Milwaukee, WI 53202
Telephone: (414) 271-1938
Facsimile: (414) 271-6433
gaineslaw1@sbcglobal.net
Attorneys for Defendant and Counterclaim
Plaintiff Maqsood Ahmad, M.D.

s/ Charles Crosse
Charles Crosse
Nelson Boyle
Cross + Barfield LLC
1120 Lincoln Street, Suite 1000
Denver, Colorado 80203
Telephone: (303) 839-1137
Facsimile: (303) 839-5055
Attorneys for Defendant and Counterclaim
Plaintiff Maqsood Ahmad, M.D.

The foregoing Stipulated Protective Order is APPROVED and made an ORDER of this Court this 7 day of July, 2009.

BY THE COURT:

United States District Court Judge

6